IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

HUNTERS FRIEND RESORT, INC., )
d/b/a HUNTER'S FRIEND RESORT, )
and TREEHOUSE CONDO RENTALS, )
INC., )
                       Plaintiffs, )
                       )
vs. )   Case No. 09-3114-CCV-S-ODS
                       )
BRANSON TOURISM CENTER, L.L.C., )
et al., )
                       Defendants. )

## ORDER AND OPINION GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Pending is Defendants' Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement (Doc. # 13). For the following reasons, Defendants' Motion is granted as to Counts I and IV and is denied as to all other counts.

## I. BACKGROUND

Plaintiffs Hunter's Friend Resort, Inc. and Treehouse Condo Rentals, Inc. ("Plaintiffs") filed the above-captioned action against Defendants Branson Tourism Center, L.L.C., Branson Tourism Center Marketing, L.L.C., Branson Tourism Center Investment, L.L.C., and Branson.com, L.L.C. ("Defendants") alleging copyright infringement, unfair business practices, and false advertising under federal law, and violation of the Missouri Merchandising Practices Act, common law trade name infringement, unfair competition, and interference with business expectancies under Missouri state law.

Plaintiffs and Defendants rent and/or sell condominiums in Branson, Missouri. They operate websites where they advertise their properties and solicit reservations.

Plaintiffs allege that Defendants, without Plaintiffs' permission, copied pictures of properties from Plaintiffs' websites taken by Plaintiffs, as well as descriptive text authored by Plaintiffs, and posted them on Defendants' websites. Plaintiffs allege that when a potential customer performs an internet search for their businesses they come across Defendants' websites. Furthermore, Plaintiffs claim Defendants' have replaced Plaintiffs' contact information with that of Defendants so when individuals call the phone number for information about Plaintiffs' properties, they reach Defendants. Plaintiffs allege that when representatives of Plaintiffs called Defendants and posed as potential customers interested in Plaintiffs properties, they were told that Defendant could not make reservations for Plaintiffs' businesses, or that Plaintiffs' did not have any properties available, and then directed them to one of Defendants' properties.

## II. DISCUSSION

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the

2

line between possibility and plausibility of entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

### A. Count I: Copyright Infringement

Count I of Plaintiffs' Complaint alleges Defendants violated the Federal Copyright Act, 17 U.S.C. § 101 et seq., when they copied the photographic images and written content on Plaintiffs' websites. Defendants argue this claim should be dismissed because Plaintiffs have not alleged that they own a copyright registration for any of their website content. The Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until pre-registration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a); see also Strout Realty, Inc. v. Country 22 Real Estate Corp., 493 F. Supp. 997, 999 (W.D. Mo. 1980) (holding that "application for registration is a condition precedent to a suit for infringement"). Plaintiffs' Complaint states they have a "superior claim" to the content of their websites, but they do not allege they have a registered copyright. While the content may be copyrightable, as Plaintiffs argue, this is not sufficient to bring a claim under the Federal Copyright Act. Plaintiffs' Count I is dismissed.

### B. Count II: Unfair Competition and False Designation of Origin under the Lanham Act

The Lanham Act states that

> [a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(A).

Defendants argue that their alleged conduct did not mislead potential customers

3

because Defendants informed a representative for Plaintiffs' posing as an interested customer that "Branson Tourism Center doesn't make reservations for Treehouse Condo Rental but they do have a beautiful place just across the road with the same great location."  See Plaintiffs' Complaint, Exh. 1, ¶ 10.  However, Plaintiffs' also allege that on another occasion Defendants' told a representative that Plaintiff did not have any units available.  See Plaintiffs' Complaint, Exh. 2, ¶¶ 10-11.  In any event, Plaintiffs maintain that Defendants copied pictures and text from Plaintiffs' websites but changed the contact information to direct customers to Defendants.  Accepting these facts as true, Plaintiffs have stated a claim under § 1125(a)(1)(A) of the Lanham Act.

### C. Count III–False Advertising under the Lanham Act, § 1125(a)(1)(B)

> To establish a claim under the false or deceptive advertising prong of the Lanham Act, a plaintiff must prove: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused the false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products.

United Industries Corp. v. Clorox Co., 140 F.3d 1175, 1180 (8th Cir. 1998).

Defendants argue Plaintiffs' false advertising claim should be dismissed because Defendants told potential customers that they could not make reservations for Plaintiffs' properties.  However, Plaintiffs claim that by falsely directing Plaintiffs' potential customers to contact Defendants, Defendants misrepresented the nature and characteristics of both Defendants' and Plaintiffs' services.  Plaintiffs have alleged sufficient facts to demonstrate they are plausibly entitled to relief under § 1125(a)(1)(B) of the Lanham Act.

### D. Count IV–Missouri Merchandising Practices Act ("MMPA")

Section 407.025, R.S.Mo., states

> Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or

4

property, real or personal, as a result of the use or employment by another
person of a method, act or practice declared unlawful . . . may bring a private civil
action . . . to recover actual damages.

To state a claim under the MMPA, "the loss must occur to a person who purchases [or leases] merchandise primarily for personal, family or household purposes." In re Geiler, 398 B.R. 661, 672 (Bankr. E.D. Mo. 2008). Thus, the MMPA is a consumer protection statute. Because Plaintiffs are not consumers that purchased or leased a product for personal, family or household purposes from Defendants, they cannot state a claim under the MMPA. Plaintiffs' Count IV is dismissed.

### E. Count V: Trade Name Infringement under State Law

Defendants argue Plaintiffs' claim for common law trade name infringement must be dismissed because Plaintiffs have not stated the category in which their trade names belong. "In determining whether a trade name is entitled to protection, it must first be classified into one of four categories: (1) generic, (2) descriptive, (3) suggestive, or (4) arbitrary or fanciful." Cellular Sales, Inc. v. Mackay, 942 F.2d 483, 485 (8th Cir. 1991). If a trade name is merely descriptive, to be entitled to protection the plaintiff must "prove the mark has an accepted 'secondary meaning.'" Id. at 486. Plaintiffs have alleged their trade names have acquired such "secondary meaning" or significance that identifies Plaintiffs. Therefore, by alleging that their trade names are entitled to protection due to acquired secondary meanings, Plaintiffs have pleaded sufficient facts to state a claim for trade name infringement.

### F. Count VI: Unfair Competition under State Law

Under Missouri law, "the true test of unfair competition [is] whether the defendant's acts are such as are calculated to deceive the ordinary buyer making his purchases under the ordinary conditions which prevail in the particular trade to which the controversy relates." Pan American Realty Corp. v. Forest Park Manor, Inc., 431 S.W.2d 144, 149 (Mo. 1968). For the reasons Plaintiffs have stated a federal statutory claim under Count II, they have stated a common law claim under Count VI.

5

### G. Count VII: Interference with Business Expectancies

Under Missouri law, a claim of tortious interference with business expectancy requires a plaintiff to show: "(1) a contract or valid business expectancy; (2) [the defendant's] knowledge of the contract or relationship; (3) a breach induced or caused by [the defendant's] intentional interference; (4) absence of justification; and (5) damages." Nazeri v. Missouri Valley College, 860 S.W.2d 303, 316 (Mo. 1993). "The valid business expectancy requirement involves more than a mere subjective expectancy–it must be a *reasonable* expectancy . . . ." Shehno v. Sprint Spectrum, L.P., 186 S.W.3d 247, 250 (Mo. 2006). Plaintiffs' Complaint broadly alleges the required elements of this claim. Whether Plaintiffs can provide evidence of specific relationships with which Defendants interfered cannot be decided under Rule 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted as to Counts I and IV and is denied as to all other counts.

IT IS SO ORDERED.

DATE: August 10, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

6